UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEREK SINCERE BLACK WOLF CRYER

    Plaintiff,

           CIVIL ACTION

V.

           NO._____

KATHLEEN DENNEHY, MICHAEL THOMPSON,
CAROL MICI, GREG McCANN, TINA RANNO,
MAE ROBINSON, GREG POLADIAN,
TOM LAVELLE, and WILLIAM TAYLOR, sued
in their individual and official capacities *Referred to MJ JCDein*

    Defendants,

05 - 11289 RCL

COMPLAINT

---

Preliminary Statement

    This is a civil rights action violation arising under the Religious Freedom Restoration Act 42 U.S.C. Sec. 2000bb to End, and under the First and Fourteenth Amendments of the United States Constitution, and under 42 U.S.C. Sec. 1983, and 42 U.S.C. 1996 for prohibiting, denying and abridging the plaintiff's right to Free Religious Exercise and for retaliation, harrassment discrimination, and negligence. The plaintiff's Freedom of Religious Exercise is protected by such laws being federal as well as massachusetts state laws such as: M.G.L. c.93 Sec. 102, M.G.L. c.12 Sec. 11-I, and M.G.L. c.266 Sec. 127B, along with provisions of the Massachusetts Constitution: Articles of Amendment, Article 18 Sec. 1 and 5, and the Declaration of Rights, Article 2, and D.O.C. Policy. The plaintiff also claims violations of the state law torts claim. The plaintiff seeks preliminary injunctive relief, injunctive relief, and damages.

Parties

    1). Derek Sincere Black Wolf Cryer is a African American Indian who is currently a prisoner at MCI Shirley Medium and a Native Practitioner there within. P.O. Box 1218-Harvard Road, Shirley, MA. 01464.

    2). Kathleen Dennehy is being sued individually and in her official capacity as the Commissioner of the Mass. Department of Corrections. 50 Maple Street-Suite 3, Milford, MA. 01757-3698.

    3). Michael Thompsom is being sued individually and in his official capacity as the Superintendent of MCI Shirley Medium, P.O. BOx 1218-Harvard Road, Shirley, MA. 01464

    4). Carol Mici is being sued individually and in her official capacity as the prior Deputy Superintendent at Shirley Medium Prison. Her address is 50 Maple Street, Milford, MA. 01757-3698.

5). Greg McCann is being sued individually and in his official capacity as the Director of Treatment at MCI Shirley Medium, P.O. Box 1218-Harvard Road, Shirley, MA. 01464.

6). Mae (May) Robinson is being sued individually and in her official capacity as the Disciplinary Sargeant at MCI Shirley Medium, P.O. Box 1218-Harvard Road, Shirley, MA. 01464.

7). Greg Poladian is being sued individually and in his official capacity as the previous Disciplinary Sargeant at MCI Shirley Medium, P.O. Box 1218-Harvard Road, Shirley, MA. 01464.

8). Tina Ranno is being sued individually and in her official capacity as a Correctional Officer at MCI Shirley Medium, P.O. box 1218-Harvard Road Shirley, MA. 01464.

9). Tom Lavelle is being sued individually and in his official capacity as a Recreational Officer at MCI Shirley Medium. P.O. Box 1218-Harvard Road Shirley, MA. 01464.

10). William Taylor is being sued individually and in his official capacity as a Correctional Officer at MCI Shirley Medium, P.O. Box 1218, Harvard Road, Shirley, MA. 01464.

11). All of the defendants have acted and continue to act, under color of state law at all times relevent to this complaint.

Jurisdiction

12). The Court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. Sec. 1331(a) and 1343.

13). The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. sec. 1367.

Facts

14). On February 23, 2004 the plaintiff submitted a letter to Carol Mici stating his denial of legal right to practice his religion by defendants Robinson and Poladian, and expressed his concern for retaliation by these officers. (refer to Exhibit A).

15) On February 26, 2004 the plaintiff submitted a letter to Greg McCann requesting a posting be placed on the box inside the Native American Room. (refer Exhibit B) / see also para #▇▇78.

16) On March 1, 2004 the plaintiff submitted a supplemental affidavit to Carol Mici informing her of the continued denial to religious items by the defendants Robinson and Poladian, and Ranno. The plaintiff also informed Mici of the on-going harrassment by these defendants. (refer Exhibit C).

17). On March 8, 2004 the plaintiff submitted a letter to Defendant Carol Mici stating on-going denial of access to the footlocker inside the Native Room which holds religious belongings by defendants Lavelle and and Taylor. (refer Exhibit D).

18). On March 10, 2004 the plaintiff submitted a letter to defendant

McCann stating "on-going denial of access to locker/and the beginning of retaliation" by defendants Ranno and Taylor.(refer Exhibit E).

19). On March 11, 2004 the plaintiff filed a grievance (#3147) stating that he has been denied access to the locker which is in violation of his constitutional rights and grieved that complaints to the proper authorities (Defendants Mici, McCann) have been blatantly ignored and have not been taken seriously. The grievance was denied and referred to the I.P.S. for an investigation and it was suggested the I file a request through the religious services review committee. (refer Exhibit F).

20). On March 15, 2004 the plaintiff filed an emergency grievance stating that he was denied access to the locker again on March 14, 2004 by the defendant Ranno.which is causing him Physical, Emotional, Mental, and Spiritual distress and claimed his right to practice his religion under and through the 1st Amendment and in combination with the Religious Freedom Restoration Act as well as other lawful protections. (refer Exhibit G).

21). On March 16, 2004 the plaintiff filed another grievance stating the harrassment by defendant Ranno, and intimidation by defendants Poladian and Ranno. (refer Exhibit H).

22). The plaintiff received a March 19, 2004 reply letter from Steven Lipka, the inmate grievance officer Ruling on both of the grievances above in paragraphs #20 and #21. He found that the Emergency grievance didn't meet the criteria for an emergency grievance, and found that the latter grievance was repititious. The plaintiff was advised if he continued to file repititious grievances his priveleges may be suspended. (Exhibit I).

23).On March 19, 2004 the plaintiff wrote to the American Civil Liberties Foundation of Massachusetts seeking counsel (refer Exhibit J) as well as the Massachusetts Commission Against Discrimination (refer Exhibit KK pg.2).

24). On March 27, 2004 The plaintiff submitted to steven lipka a letter of reconsideration of his March 19, 2004 reply letter. (refer Exhibit K). On April 2, 2004 the letter was returned to plaintiff from Lipka. (refer to top right sidenote on Exhibit K).

25).On March 31, 2004, April 1, 2004 and April 2, 2004 the defendant Lavelle had at least four (4) grievances filed against him for denying myself and other members of the Council access to the room itself.(refer Exhibit L).

26). The plaintiff did not file a grievance because he may have had his grievance priveleges suspended as stated by grievance officer in Exhibit I.

27). On April 8, 2004 the plaintiff submitted a cover letter and provided Native information (the Federal Bureau of Prisons Inmate Religious Beliefs and Practices Technicle Reference Handbook) to the Defendant Greg McCann upon defendants request. (refer Exhibit M).

28). The plaintiff states that on April 13, 2004 he received a reply letter from defendant Mici dated April 9, 2004. This letter informed the plaintiff that a memo with the proper procedures for access to the Native American Room and Footlocker has been posted. (Exhibit N). Also see para. #78.

29). On March 27, 2004 the plaintiff filed a written appeal to appeal grievance # 3147 and had it returned on April 2, 2004 by Steven Lipka as it was not the proper form. (Exhibit O).

30). On April 9, 2004 the plaintiff submitted the proper grievance form and written appeal to appeal grievance number 3147. (refer Exhibit P).

31). On April 13, 2004 defendant Mici denied appeal grievance 3147 and found: "The content of the locker has been evaluated by the Director of Treatment and the volunteer for Native Americans, it has been established that only sweet grass, pipe and lighter will remain locked until it is necessary to open for smoking periods. All other material will not be locked up". (Exhibit Q).

32). On April 21, 2004 the plaintiff submitted a letter to defendant Mici asking to put an end to the subtle racism, and blantant discrimination by defendant Ranno and generally. (refer Exhibit R).

33). Steve Lipka, on April 22, 2004 had the plaintiff remove all items from the Native locker except the lighter, sweet grass, and prayer pipe as as mentioned in paragraph 31.

34). On June 15, 2004 Kristie Ladouceur, the department grievance coordinator overturned defendant Mici's decision (in para.31) and approved the grievance with modification. (refer Exhibit S).

35). On June 19, 2004 the plaintiff wrote Kristie Ladouceur requesting specifics regarding the modification of the overturned grievance dated June 15, 2004. (refer Exhibit T).

36). On June 23, 2004 the plaintiff wrote to Steven Lipka requesting he (lipka) find out from Kristie Ladouceur about the modification, and requested to place all item back into the Native locker. This letter was returned by Lipka on July 1, 2004 and it was explained to the plaintiff that there was no overturned appeal and everything will stay the same regarding the locker, and informed plaintiff that he would not call Kristie and told the plaintiff to write to Kristie himself. (refer Exhibit U).

37). Due to the psycologoical, emotional, mental, and spiritual attacks against the plaintiff, the plaintiff didn't frequent the Native area as much for the next six or so months in hopes that time would heal this wound.

38). On January 10, 2005 six months later, the plaintiff went to the Native area to practice his religion.

39). On January 10, 2005 the plaintiff filed a grievance, number 7993 against defendant Ranno stating that on January 10, 2005 she denied the plaintiff to perform a Sacred Drumming Ceremony and grieved willful and malicious harrassment by the defendant. (refer Exhibit V).

40). On January 17, 2005 grievance number7993 was referred to Internal Affairs for investigation. (See lower section/pg 1 of Exhibit V).

41). On February 4, 2005 the plaintiff wrote Kieth Nano the Institution Grievance Coordinator requesting a copy of the investigation report from grievance number 7993. (refer Exhibit W).

42). The plaintiff received a reply letter from Keith Nano (IGO) dated February 7, 2005 stating upon completion of the investigation I will be nitified by the superintendent's office. (refer Exhibit X).

43). On February 14, 2005 the plaintiff filed a grievance (Number 8548) against defendant Robinson for kicking him out of the Native room while

the plaintiff tried to do his instututional job, which is to clean the Native room, and requestes for tne willful and malicious harrassment to stop. (refer Exhibit Y).

44). On February 16, 2005 grievance #8548 was referred to Internal Affairs for investigation. (refer Exhibit Y).

45). On February 18, 2005 the plaintiff sent a cover letter (Exhibit Z) to the defendant Michael Thompson and attached exhibits A thru U.

46). On March 24, 2005 the plaintiff sent a letter to the defendant Thompson requesting that all staff be made aware that the harrassment, and the discrimination as well as the subtle racism against him be stopped immediately and requested a copy of all investigative reports, this was because the plaintif was wearing his Native Headband.(refer Exhibit AA).

47). The defendant Thompson responded in a April 7, 2005 letter addressed to the plaintiff denying plaintiff's request for copies of the investigative reports (Metioned in para. 46), and requesting additional specific information about incidents of harrassment. (refer Exhibit BB).

48). On April 23, 2005 the plaintiff requested by letter to defendant Thompson to be called to his office to view tne staff pnoto database to positively identify the officers involved regarding the complaints stated in paragraph 46. (refer Exhibit CC).

49). On March 25, 2005 the plaintiff filed a grievance against defendant McCann for lying to the plaintiff as well as the members of the circle and also my Spiritual Leaders/Advisors about the Native area remaining open in the mornings and afternoons, and that the Native books and videos also be maintained in that area. (refer Exhibit DD). That's grievance #9345.

50). On March 29, 2005 that grievance #9345 was denied, and the plaintiff "is reminded that the director of treatment does not require the approval of the plaintiff in conducting his duties". (refer Exhibit DD lower section).

51). On April 5, 2005 the plaintiff appealed grievance #9345 stating that "the Native American room has been closed unjustly during the mornings and afternoons even though the programs building is open" and requested that the mornings and afternoons be reinstated, and the Native books returned. (refer Exhibit EE).

52). On April 29, 2005 the defendant Thompson denied plaintiff's appeal grievance #9345. (refer Exhibit EE, pg.2).

53). On March 28, 2005 the plaintiff submitted a letter to defendant Mici informing her of the situation (mentioned if para. 49) and requesting ofiaher to reinstate morning & afternoon access and return the books to the Native room. (refer Exhibit FF).

54). The plaintiff's request was denied with explanation. (Exhibit FF pg3).

55). On April 8, 2005 the plaintiff filed a grievance about being targeted with harrassment,prejudice,aand racial and religious discrimination by staff members and states that he was the target of an attempted setup. (Exhibit GG).

56). On April 11, 2005 this grievance stated in paragraph 55 was returned to the plaintiff by Keith Nano. (see pg.4 of Exhibit GG).

57). On April 12, 2005 the plaintiff appealed the returned grievance.(refer Exhibit HH). also see paragraph 71/continued.

58). On April 13, 2005 the plaintiff filed another grievance #9727 about being denied access to practice Sacred Ceremonies, and requestin and referred to morning & afternoon Smudges & Sacred Pipe Prayers/Sacred Ceremonial Tobacco/ Sacred Personal Prayer Pipes/Sacred Sweat Lodge/ Outside Sacre Worship Area/ 4 Row Sacred Choker Kits/ Sacred Native Crafts/Annual Sacred Pow Wow Ceremony/ Giveaway's Sacred Ceremony/ and to consume Jerky at Solstices & Equinox's. (refer Exhibit II) also see paragraph 82.

59). On April 14, 2005 grievance #9727 was denied, and the plaintiff was advised that the continued submission of grievances regarding the same subject will result in the recommendation of the suspension of the plaintiff's priveleges for grievances. (refer Exhibit II, lower section).

60). On April 16, 2005 the plaintiff appealed grievance #9727 stating that his request are protected by state and federal laws as well as some state and federal prison policies. (refer Exhibit JJ) also see Paragraphs 71 & 76.

61). On April 22, 2005 the plaintiff wrote to the Massachusetts Commission Against Discrimination seeking counsel for Harrassment, Intimidation, Pain & Mental Anguish, Retaliation and Racial & Religious Discrimination.(refer to Exhibit KK pgs. 1 and 2.

62). The commission, stated above, responde unfavorably to the plaintiff's request citing "lack of jurisdiction". (refer Exhibit KK, pg-3).

63). On April 24, 2005 the plaintiff submitted a request to defendant Greg McCann requesting a visit be scheduled for the plaintiff to meet with Spiritual Advisors in accordance with institution policy. (refer Exhibit LL).

64). The defendant McCann denied the Plaintiff's request. (Exhibit LL) also see paragraph 69.

65). On April 16, 2005 the plaintiff filed a grievance #9928, which was received on April 24, 2005, requesting ", to be allowed to receive and or purchase all Native American Religious Sacred Items from authenticated Native Tribes, Native Clans, Native Bands, and Native companies". refer Exhibit MM).

66). On April 25, 2005 grievance #9928 was denied in the decision stating that "Keefe Corp. is the sole provider of religious items. (see Exhibit MM).

67). On April 29, 2005 the plaintiff appealed grievance # 9928 stating the importance of buying, receiving and wearing of Native regalia, and that to buy mass-produced Native Sacred Items or Objects is against the plaintiff's religious beliefs. (refer Exhibit NN).

68). On May 13, 2005 the defendant Thompson denied appeal grievance #9928 stating that all religious items for personal use must be purchased from the approved vendors only. (refer pg.2 of Exhibit NN, lower section).

69). On May 4, 2005 the plaintiff filed a grievance #10784 directly to the defendant thompson about being denied access to the religious clergy person's of his faith which is in violation of the CMR's (Prison Policy). (Exhibit OO), see also paragraph 74.

70). On May 5, 2005 the plaintiff received a backdated letter from the defendant Thompson dated February 16, 2005 regarding grievance #7993 (see para.#39). The shift commander and block officer were notified. (Exhibit PP).

71). On May 16, 2005 the plaintiff submitted a letter to the defendant Thompson informing the defendant that appeal grievance #9727 and the appeal dated April 12, 2005 dtated in paragraph 57 have expired the time response and will be considered denied. (refer Exhibit QQ). see also para.#76.

72). On May 17, 2005 the plaintiff wrote to the defendant Dennehy about the non-actions of staff at shirley medium prison to correct the situations of harrassment, retaliation from grievances, and racial and discrimination against the plaintiff. (refer Exhibit RR).

73). The plaintiff also informed the defendant Dennehy that he has been disabled to properly practice his religion due to the closing of the Circle in the mornings and afternoons. (see also Exhibit RR).

74). Om May 25, 2005 the plaintiff submitted a form letter to defendant Thompson by way of the block case worker, informing the defendant that the plaintiff has neither received a receipt of the grievance nor a response from the grievance filed on May 4, 2005 reffered in para.#69. (Exhibit SS).

75). The plaintiff requested that an approval be made to allow clergy of his faith to visit him. (see also Exhibit SS).

76). On May 26, 2005 the defendant Thompson responded to the plaintiff's May 16, 2005 letter in paragraph 71 but only responded to appeal grievance number 9727. The defendants states that he has not exceeded the time limit for response. (refer Exhibit TT).

77). On May 31, 2005 the plaintiff was interviewed by Keith Nano for the May 4, 2005 grievance #10784, mentioned in para.#69.

78). On March 10, 2004 the defendant McCann typed the memo that was to be posted as stated in para.#28 which states in short: that Native American inmates should be granted access to the native room as well as the locker therein, and said it is important that staff are cognizant that this is a religious access issue. (refer Exhibit UU). see also paragraph 15.

79). On April 6, 2004 the plaintiff wrote defendant Dennehy informing her of the continued harrassment and discrimination against him, and invited the defendant to visit the native circle to discuss the problems the exist, and informed the defendant that several departments within the institition has been notified of the abuse. (refer pg.1 Exhibit VV).

80). On June 23, 2004 the defendant Dennehy responded by informing the plaintiff that his allegations is currently being investigated, and stated that she can't accept the visit invitation at that time. (Exhibit VV pg.2).

81). On April 23, 2004 the plaintiff requested from Glen Corbet, a copy of a full report investigation of the Native issue. (Exhibit WW).

82). On May 17, 2004 (prior to para.#58), the plaintiff submitted a letter of request to Allison Hallet, Director of Religious Services along with attachment requesting personal prayer pipes, ceremonial tobacco, the sweat lodge, and outside worship area. refer Exhibit XX pgs.1-5). These forms were returned on August 5, 2004. (refer Exhibit YY).

83). On July 28, 2004 the defendant McCann approved a letter from inmate Shane Labelle to put all the sacred items back in the locker and in doing so undermined acting superintendent defendant Carol Mici's official ruling in exhibit Q. (refer Exhibit ZZ).

84). The final decision from Kristie Ladouceur denying grievance #9345 (appeal grievance) came in her May 31, 2005 letter stating the books were moved due to security concerns in the programs building. (Exhibit BBB).

85). The defendant Thompson made it clear to the plaintiff in a June 2, 2005 letter that the room of the native american being open only during the evening is adequate. (refer Exhibit CCC).

86). On June 8, 2005 the plaintiff appealed grievance #10784 stating that he's become Spiritually, Emotionally, Mentally, Psycologically, and Physically distraught and seeks religious guidance from the clergy of his faith. (refer Exhibit AAA). To date the plaintiff has not received any response.

Claims for Relief

87). The defendants have denied the plaintiff to pray or practice his religion during the mornings and afternoons.

88). The defendants have refused to designate an outside worship area for prayerful and religious use.

89). The defendants have denied the plaintiff to possess his own personal prayer pipe.

90). The defendants have denied the plaintiff to pray with ceremonial tobacco which is used to send prayers, and give offerings.

91). The defendants have denied the plaintiff 4 row choker's, a religious necklace which carries primary significance as well as significance within the row number and color type.

92). The defendants have denied the plaintiff the sacred and cultural practice of native art & crafts which includes bead-work and leathercraft already pre-punched.

93). The defendants have denied the plaintiff the religious and cultural practice of the native pow wow (annually), which is a day of traditional dancing, speaking, and praying in word, song, and music for all that lives.

94). The defendants have denied the plaintiff the sacred practice of give-aways, which are gifts/arts and craft made by native practitioners to give away to the guest at a pow wow, a spiritual gathering.

95). The defendants have denied the plaintiff the consumption of jerky at solstices and equinox's, and have not denied other faiths of religious requests for cultural and religious foods. Jerky is one of the traditional foods of the native people.

96). The defendants have denied the plaintiff to receive by donation or purchase native items from native sources.

97). The defendants have denied the plaintiff the construction of the sacred sweat lodge which is a place of religious significance equal to that

of other sacred ceremonies within a church, a temple, a mosque. There are several sweat lodges in prisons throughout the country.

98). The plaintiff has been denied religious council with the clergy member (s) of his faith.

99). The defendants have substantially burdened the plaintiff's right to religious exercise.

100). The defendants have harrassed the plaintiff.

101). The defendants have retaliated against the plaintiff.

102). The defendants have discriminated against the plaintiff because of the shade of his skin, and the unpopularity of his religion.

103). The plaintiff has been afforded unequal treatment to that given to native practioners of european decent by defendants.

104). The defendants actions have at all times been been diliberate, willful, malicious, and taken with callous disregard for the plaintiff's right to his religious faith, and practice that faith unharmed.

105). The continuous interference by defendants with the plaintiff's religious faith and the right to practice that faith have been coercive, threatening, intimidating, and humiliating.

106). The defendants have caused the plaintiff emotional, spiritual, mental, psycological, and physical pain, distraught, depression, and suffering.

107). The defendants have at all times known or should have reasonably known that their actions against the defendant clearly violated plaintiff's right to religious freedom.

108). All the defendants have acted, and continue to act under the color of state law at all times relevent to this complaint.

109). None of the religious practices of the plaintiff has impaired the mission of MCI shirley medium or the security of its personnel.

110). All of the above claims for relief are in violation of the laws of the U.S. constitution, and massachusetts state laws as provided in the preliminary statement.

111). The plaintiff is still filing grievances to date, and exhausted administrative remedies.

Relief Requested

WHEREFORE, the plaintiff demands judgement against the defendants for damages and such other relief as this court deems just:

A). Issue a declaratory judgement stating that:

1. The actions of all the above named defendants have violated the plaintiff's constitutional rights, federal and state laws, and and institutional policy and has substantially burdened the plaintiff of his right to freedom of religion and to worship according to the dictates of his conscience.

2. The programs building is open and available in the mornings and afternoons to the christains, muslims, and jewish religions but not to the native americans which clearly violates the plaintiff and the constitution of the united states as well as federal and state laws and institution policy.

3. Defendants McCann and Thompson's decision to prohibit plaintiff from prayer and religious practice during the morning & afternoon and the failure by defendant Mici and Dennehy to correct action violated and continues to violate plaintiff's constitutional and federal and state rights to practice his religion.

4. Defendants Dennehy, Thompson, Mici, and McCann's denial to allow plaintiff to smudge and pray with the prayer pipe in mornings & afternoons, to use ceremonial tobacco, to allow personal prayer pipes, to construct a sweat lodge, to provide an outside worship area, to allow 4 row choker kits, to allow the practice of the native crafts, to have an annual pow wow, to allow give-aways, has substantially burdened and deprived the plaintiff's religious exercise in violation of consttutional, federal, and state laws and institutional policy.

5. Defendants McCann, Robinson, Ranno, and Poladian conspired and acted against the plaintiff violating plaintiff's rights and caused him harm and injury.

6. Defendants, Robinson Ranno, Poladian, Lavelle, Thompson and Taylor and McCann's actions have at all times been deliberate, willful, and malicious, and taken with callous disregard for plaintiff's right to religious faith, and who's actions have coercive, threatening, intimidating and humiliating.

B). Issue a preliminary injunction pending trial ordering defendants Dennehy, Thompson, or their agents to:

1. Immediately reinstate the plaintiff's access to the native room and locker therin during the mornings from 9:00am to 11:00am, & afternoons from 1:00pm to closing time for religious meditation, study, prayer, and to practine his religion.

2. be prohibited from interfering with the plaintiff's time and or manner in which, how and when he choodes to pray and practice his religion as long as it doesn't interfere with the daily operations of the institutions movement periods.

3. Immediately provide plaintiff access to morning and afternoon sacred smudging and sacred pipe prayers, a sacred sweat lodge, to receive or buy all native american religious items from native sources, provide sacred ceremonial tobacco for prayer and offerings, to allow plaintiff to possess his own personal sacred prayer pipe, to allow sacred 4 row choker kits, to allow sacred native arts and crafts, provide an outside worship area, to allow an a sacred annual pow wow ceremony, with the sacred give-away ceremony along to be able to consume jerky at solstices and equinox's.

4. Immediately return the native books from the general library to the area designated for native religious practitioners.

C). Award compensatory damages jointly and severally against:

1. Defendants McCann, Robinson, Ranno, Taylor, and Poladian for thier conduct in denying plaintiff access to religios items, an well as for harrassment, retaliation, and intimidation.

2. Defendants McCann, Ranno, Robinson, Lavelle, Poladian, Taylor, Mici, and Thompson for religious discrimination, racial prejudice, and negligence.

3. Defendant Lavelle and McCann for racial discrimination.

4. Defendant Dennehy, McCann, Thompson, and Mici's failure to take the swift and proper action to curb the abuse that the plaintiff had to endure for about a year and four months to date, and for prohibiting the plaintiff to pray and practice his religion during the day.

5. Defendants Thompson, Dennehy, Mici, McCann, Robinson, Poladian, Ranno, Lavelle, and Taylor for Emotional distraught and injury, physical distraught and injury, mental distraught and injury, as well as spiritual distraught and suffering and psycological distraught and injury which caused plaintiff severe depression and pain and suffering.

D). Award punitive damages against defendants Thompson, Dennehy, McCann, Mici, Robinson, Poladian, Ranno, Lavelle, and Taylor.

E). Grant such other relief as it may appear that plaintiff is entitled.

PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully Submitted,

*Derek Sincere Black Wolf Cryer*
Derek Sincere Black Wolf Cryer
Shirley Medium
P.O. Box 1218
Harvard Road
Shirley, MA. 01464

DATED: June 8, 2005

CC: file/6-05

**JS 44** (Rev. 3/99)                         **CIVIL COVER SHEET**                                    ATTACHMENT 2

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Derek Sincere Black Wolf Cryer

### DEFENDANTS
Massachusetts Dept. of Corrections, Kathleen Dennehy, Commissioner, et al

(b) County of Residence of First Listed Plaintiff __Middlesex__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __Worcester__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Derek Sincere Black Wolf Cryer, Pro se
Shirley Medium/P.O. Box 1218-Harvard Rd./
Shirley, MA. 01464

Attorneys (If Known)
N/A

05-11289 RCL

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | | | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | State Statutes |
| | | ☒ 550 Civil Rights | Security Act | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Religious Freedom Restoration Act 42 U.S.C. Sec. 2000bb-End/1st & 14th Amendments of the U.S. Constitution. Denial of Religious Practice - Harrassment - Discrimination and Negligence etc.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ damages & Preliminary/Injunct.relief
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): N/A
JUDGE _____ DOCKET NUMBER _____

DATE: June 8, 2005
SIGNATURE OF ATTORNEY OF RECORD: Derek Sincere Black Wolf Cryer

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**ATTACHMENT 3**

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Derek Sincere Black Wolf Cryer
   - v -   Kathleen Dennehy

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,     05 - 11289 RCL
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   N/A at this time

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES ☐    NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES ☐    NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES ☐    NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES ☒    NO ☐

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      EASTERN DIVISION ☐    CENTRAL DIVISION ☒    WESTERN DIVISION ☐

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Derek Sincere Black Wolf Cryer, Pro se.
ADDRESS  Shirley Medium/Box 1218-Harvard Road/Shirley, MA. 01464
TELEPHONE NO.  N/A

(Att3Cover sheet local.wpd - 11/27/00)