UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEREK SINCERE BLACK WOLF CRYER,  )
    Plaintiff,                                              )
                                                                  )
                v.                              )
                                                                  )
                                                                  )     C.A. No. 05-11289-RCL
KATHLEEN DENNEHY, et al.,                   )
    Defendants.                                         )
                                                                  )
                                                                  )
                                                                  )

MEMORANDUM AND ORDER

Lindsay, D.J.

For the reasons set forth below, (1) Summonses shall issue with respect to Defendants Dennehy, Thompson, Mici, McCann, Robinson, Poladian, Ranno, Lavelle, and Taylor, with costs of service to be borne by the United States Marshal Service, and (2) Plaintiff's AIRFA and RFRA claims are dismissed *sua sponte*, and the Court will substitute the RFRA claims for RLIUPA claims; and (3) Plaintiff's Motion for Appointment of Counsel is Denied without prejudice.

FACTS

On June 14, 2005, Derek Sincere Black Wolf Cryer, ("Cryer"), a state prisoner at MCI-Shirley, filed a civil rights Complaint alleging violations of the First and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983 and statutory violations of §§ 1996, and 2000bb.[1]  He also alleges several Massachusetts state law claims

---

[1] 42 U.S.C. § 2000bb, The Religious Freedom Restoration Act, ("RFRA"), was held unconstitutional as applied to States in <u>City of Beorne v. Flores</u>, 521 U.S. 507, 532-536 (1997). However Congress subsequently enacted 42 U.S.C. § 2000cc, The Religious Land Use for Institutionalized Persons Act, ("RLUIPA"), in September of 2000.  The Court will substitute

arising out of the alleged denial or restrictions upon religious expression.  Plaintiff names several prison officials and other employees as Defendants in this action, including: (1) Commissioner Kathleen Dennehy, (2) Superintendent Michael Thompson, (3) prior Deputy Superintendent Carol Mici, (4) Director of Treatment Greg McCann, (5) Disciplinary Sargent Mae Robinson, (6) prior Disciplinary Sargent Greg Poladian, (7) Correctional Officer Tina Ranno, (8) Recreational Officer Tom Lavelle, and (9) Correctional Officer William Taylor.  Compl. at ¶¶ 1-10.

More specifically, Plaintiff asserts that he is an "African American Indian," and that he practices the Native American religion.  Id. at ¶ 1.  He alleges that the Defendants prevented him from freely practicing his Native American religion, and that they harassed and discriminated against him.  Id. at Prelim. Stmnt.  Plaintiff alleges that on several  occasions he was denied access to the room in which the Native American religious items were kept,  and in which ceremonies were performed, as well as access to a religious clergy person.  Id. at ¶¶ 58, 69, 73, 75.  Most recently, he alleges that the Native American room is only open in the evenings, and that this impairs his ability to perform ceremonies and rituals.  Id. at ¶ 58.  He specifically claims that he was denied permission to practice his "sacred drumming ceremony" by Defendant Ranno.  Id. at 30.  Plaintiff also makes vague claims that he is being discriminated against, harassed, and intimidated, but does not allege any specific facts or actions that would support or suggest this.  Id. at ¶¶ 18, 21, 32, 100-102.

Plaintiff claims that he has exhausted all administrative remedies' he pleads that he has submitted numerous grievances to the prison.  Id. at ¶¶ 14-111.  He asserts these allegations against the Commissioner, the Superintendent, and prior Deputy Superintendent, as well as

---

Plaintiff's claims accordingly, as address in further detail in this Memorandum and Order.

-
-

individual officers.

In his claims for relief, Plaintiff alleges that he has been denied the freedom to practice his religion through prayer in the morning and afternoon. Id. at ¶ 87. He also claims that the Defendants have refused to designate outside worship areas for religious use. Id. at ¶ 88. Additionally he alleges that they have prevented him from using ceremonial tobacco, religious items such as necklaces, and from performing various religious ceremonies. Id. at ¶¶ 89-94. He also claims to have been prevented from consuming cultural and religious foods, purchasing or receiving native items from native sources, constructing a native sweat lodge, and consulting with a religious clergy. Id. at ¶¶ 95-98.

Plaintiff seeks a declaratory judgement and injunctive relief so that he is permitted to pray during the morning and afternoon with his prayer pipe and tobacco. Id. at Claims for Relief. He also seeks to have a sweat lodge constructed, an outside area designated for worship, the ability to practice native crafts, and permission to perform several sacred ceremonies. Id. Plaintiff also seeks monetary damages.

Accompanying Plaintiff's Complaint was an Application to proceed *in forma pauperis*, and a Motion for Appointment of Counsel.[2]

DISCUSSION

I.   Plaintiff's Complaint is Subject to Screening

Because Cryer is a prisoner, his Complaint is subject to the provisions of the Prison Litigation Reform Act. The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of

---

[2]A separate Order shall issue with respect to the Application to proceed *in forma pauperis*.

Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant this Court the authority to screen and dismiss prisoner complaints.  See 28 U.S.C. § 1915 (proceedings *in forma pauperis*); 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Section 1915A authorizes the Court to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A.

II.     Freedom of Religion Claims

Plaintiff's Complaint itself consists of a chronology of events spanning over one year and totaling 111 paragraphs, and names nine Defendants, including Commissioner Dennehy, Superintendent Thompson, prior Deputy Superintendent Mici, and Director of Treatment McCann as Defendants.   Plaintiff alleges to have had direct contact regarding his religious

expression complaints with each of these Defendants via the exchange of letters. In view of this, the Court will not dismiss these claims *sua sponte*, and will permit Summonses to issue with respect to Defendants Dennehy, Thompson, Mici, and McCann.

Plaintiff also names Disciplinary Sargent Robinson, prior Disciplinary Sargent Poladian, Recreational Officer Lavelle, and Correctional Officers Ranno and Taylor. Plaintiff's allegations against these Defendants are less clear, as they consist only of vague claims of denial of access to religious items and to the Native American room. It is unclear from the numerous paragraphs in the pleadings as to whether these officers were merely following the directives of the aforementioned Defendants and/or policies of the prison, or alternatively whether they were acting out of deliberate indifference to the Plaintiff's right to practice religion. However, because Plaintiff has alleged discrimination and harassment by these Defendants, the allegations appear to raise questions of fact, and the Court will also not dismiss the actions against these Defendants *sua sponte* at this time. Accordingly, summonses shall issue with respect to Defendants Robinson, Poladian, Lavelle, Ranno, and Taylor.

      A.     <u>Free Exercise of Religion</u>

Although prisoners retain their constitutional rights, limitations may be placed on the exercise of those rights in light of the needs of the penal system. Constitutional claims that would otherwise receive strict scrutiny analysis if raised by a member of the general population are evaluated under a lesser standard of scrutiny in the context of the prison setting. <u>Turner v. Safley</u>, 482 U.S. 78, 81 (1987). A prison regulation, therefore, is valid if it is "reasonably related to legitimate penological interests." <u>Id.</u> at 89.

Plaintiff alleges violations of his right to freedom of religion pursuant to 42 U.S.C.

§ 1983, by denying him the ability to practice his Native American religion on several occasions, and that the prison violated his First Amendment right to free exercise of religion by imposing certain restrictions upon him, such as having the ceremony room open for limited hours and locking up his ceremonial pipe. These allegations raise a question of fact as to whether the restrictions are "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 353 (1987). Accordingly, the Court will permit Plaintiff's claim to proceed with respect to Defendants.

    B.  Statutory Rights to Freedom of Religion

      1.  Section 2000bb

Plaintiff also claims he is entitled to relief under 42 U.S.C. § 2000bb, The Religious Freedom Restoration Act, ("RFRA"). However, RFRA was held unconstitutional as applied to states, state governments and state actors. See City of Beorne v. Flores, 521 U.S. 507, 532-536 (1997). Since Plaintiff is a prisoner in a state run facility in Massachusetts (MCI-Shirley), RFRA is not applicable, and the Court dismisses theses claims *sua sponte*.

      2.  Section 2000cc

In response to the Supreme Court's holding in City of Beorne, Congress enacted 42 U.S.C. § 2000cc, The Religious Land Use for Institutionalized Persons Act, ("RLUIPA"), in September of 2000.[3] RLUIPA has subsequently been held constitutional as applied to states and

---

[3] RLUIPA states, in pertinent part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution..., even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-
>  (1) is in furtherance of a compelling governmental interest; and

state actors. Cutter v. Wilkinson, 125 S.Ct. 2113 (2005). Section 3 of RLUIPA provides judicial relief to institutionalized persons and applies to state-run facilities including prisons, and requires a higher standard of review than constitutional free exercise claims.

Courts have held that prison officials, when accused of violating RLUIPA, are to be given deference in light of the need for discipline and security in prisons. Murphy v. Missouri Dept. of Corrections, 372 F.3d 979, 987 (8th Cir. 2004). However, Courts have required the government to meet a higher standard of proof, and therefore apply the compelling interest standard. Id.

As a threshold issue, Plaintiff must show that there is a substantial burden on his ability to exercise his religion. 42 U.S.C. § 2000cc-2(b). A substantial burden has been defined as one which "significantly inhibits or constrains conduct or expression that manifests some central tenet of a [person's] individual [religious] beliefs; must meaningfully curtail a [person's] ability to express adherence to his or her faith; or must deny a [person] reasonable opportunities to engage in those activities that are fundamental to a [person's] religion." Weir v. Nix, 114 F.3d 817 (8th Cir. 1997).

Plaintiff here has alleged sufficient facts to state a claim under § 2000cc. Since Plaintiff alleges that on several occasions he has been prevented from practicing his religion, this raises a question of fact as to whether the restrictions imposed on Plaintiff created a substantial burden[4],

---

        (2) is the least restrictive means of furthering that compelling
        governmental interest.

42 U.S.C. § 2000cc-1(a)(1)-(2).

   [4] Plaintiff expressly alleges these restrictions constitute a substantial burden on his right to freely practice his religion. See Compl. at ¶ 99.

and then whether they are narrowly tailored to achieve a compelling governmental interest. Accordingly the Court will allow Plaintiff's claim to proceed with respect to the Defendants.

3.   Section 1996

Plaintiff claims that he is entitled to relief under 42 U.S.C. § 1996, American Indian Religious Freedom Act, ("AIRFA").[5]  However, Courts have held that AIRFA is "simply a policy statement and does not create a cause of action or any judicially enforceable individual rights."  Henderson v. Terhune, 379 F.3d 709, 711 (5th Cir. 2004).  Accordingly, the Court dismisses these claims *sua sponte*, without prejudice.

III.   State Law Claims

In Plaintiff's Preliminary Statement of the Complaint, he alleges violations of several state laws in conjunction with his federal claims.  In accordance with this Court's discretionary authority to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction), this Court will also consider Plaintiff's state law claims raised under Mass. Gen. Laws ch. 12 § 11I, Violation of civil rights; civil actions by aggrieved persons; costs and fees;  Mass. Gen. Laws ch. 93 § 102, Equal rights; violations; civil actions; costs;  Mass. Gen. Laws ch. 266 § 127B, Actions for civil rights violations; liability;

---

[5]  AIRFA states, in pertinent part:

> ...it shall be the policy of the United States to protect and preserve for American Indians their inherent right of freedom to believe, express, and exercise the traditional religions of the American Indian, Eskimo, and Native Hawiians, including but not limited to access to sites, use and possession of sacred objects, and the freedom to worship through ceremonials and traditional rites.

42 U.S.C. § 1996.

MA Const. Pt. 1 Art. 2, Right and duty of worship; freedom of religion; and MA Const. Amend. Art.18, Free Exercise of religion.

### IV.   Motion to Appoint Counsel

Accompanying his Complaint, Plaintiff also filed a Motion to Appoint Counsel. Plaintiff's request for appointment of counsel is denied without prejudice at this time. The decision to appoint counsel is discretionary, and a prisoner plaintiff does not have a constitutional or statutory right to appointed counsel. Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996) cert. denied, 519 U.S. 894 (1996).  In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in a fundamental unfairness impinging on the party's due process rights. See DesRosiers v. Moran, 949 F. 2d 15, 23 (1st Cir. 1991).  See also Manisy v. Maloney, 283 F. Supp. 2d. 307, 317 (D. Mass. 2003) (Memorandum and Order on Report and Recommendation of Magistrate Judge Dein, adopted (on the denial of counsel issue) by Judge Stearns by Memorandum and Order (#32) dated September 4, 2003 in C.A. 01-11849-RGS).  In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. DesRosiers, 949 F.2d at 23-24 (citations omitted).

While Plaintiff alleges that he is an indigent prisoner, he has not yet demonstrated the kind of "exceptional circumstances" that warrant appointment of counsel at this juncture. Notwithstanding the serious allegations presented, the request for appointment of counsel is denied without prejudice to renewing after the Defendants have responded to the Complaint, and

upon showing of exceptional circumstances to warrant the appointment of counsel.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. Summonses shall issue with respect to Defendants Dennehy, Thompson, Mici, McCann, Robinson, Poladian, Ranno, Lavelle, and Taylor, and Plaintiff shall also serve a copy of this Memorandum and Order on the Defendants along with the Complaint and Summonses. Plaintiff is directed to provide the United States Marshal's Office with all requisite information to enable that office to effectuate service on the Defendants. The United States Marshal's Office shall bear all costs of service on the Defendants, however, it is the Plaintiff's responsibility to ensure timely service, in compliance with Federal Rules of Civil Procedure 4, and this Court's Local Rules.

2. Plaintiff's RFRA and AIRFA claims are dismissed *sua sponte*, however the Court will consider Plaintiff's claims under RLUIPA.

3. Plaintiff's Motion to Appoint Counsel is denied without prejudice.


Dated in Boston, Massachusetts, on this 4th day of August, 2005.

            /s/ Reginald C. Lindsay
            REGINALD C. LINDSAY
            UNITED STATES DISTRICT JUDGE