UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEREK SINCERE BLACK WOLF CRYER,<br>    Plaintiff,<br><br>          v.<br><br>KATHLEEN DENNEHY, et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>)   C.A. No. 05-11289-RCL<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER
ON APPLICATION TO PROCEED *IN FORMA PAUPERIS*
AND ORDER TO TREASURER'S OFFICE AT MCI SHIRLEY

LINDSAY, D.J.

For the foregoing reasons: (1) Plaintiff's Application to Proceed *in forma pauperis* is allowed, and the Court defers on the assessment of the initial partial filing fee pending receipt of prison account information; and (2) the Treasurer's Office at MCI Shirley is Ordered to provide the relevant prison account information as set forth in this Memorandum and Order.

BACKGROUND

On June 14, 2005, Plaintiff Derek Sincere Black Wolf Cryer, a prisoner at MCI Shirley, filed his pro se civil rights Complaint alleging violations of his right to free religious expression. Accompanying his Complaint was an Application to Proceed *in forma pauperis* and a copy of his Inmate Transaction Report for the six months prior to his filing of the Complaint, indicating that he has a current balance of $120.25. However, the prison account statement provided was not certified, as required by 28 U.S.C. § 1915(a)(2) (where the plaintiff is a prisoner, an application for waiver of prepayment of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the plaintiff's credit at his institution of incarceration). Plaintiff

avers he has no other assets or income apart from gifts he receives from his sister, for necessities.

I.      Application to Proceed *In Forma Pauperis*

In light of the above financial disclosures, the Court finds Plaintiff qualifies for *in forma pauperis* status and allows the Plaintiff's Motion for Leave to Proceed *in forma pauperis*. However, the Court will defer on the initial assessment of the filing fee owed pursuant to 28 U.S.C. § 1915(b), pending receipt of a certified prison account statement providing this Court with necessary information to make such determination.[1]

II.     Order to Treasurer's Office at MCI Shirley

In order to facilitate and expedite the determination of the initial partial filing fee assessment owed by Plaintiff, the following Order to the Treasurer's Office at MCI Shirley is made:

> The Superintendent or the Treasurer's Office at MCI Shirley is hereby ORDERED to provide this Court with a certified copy of Plaintiff's prison account statement. Such statement shall include balance information for the six (6) months preceding June 14, 2005 (date the Complaint was filed), and specifically include the following information: 1) the average monthly deposits to Plaintiff's prison account for that six (6) month period; and 2) the average monthly balance in Plaintiff's account for the six (6) month period immediately preceding June 20, 2005.

A copy of this Memorandum and Order shall be sent to the Treasurer's Office at MCI Shirley.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

---

[1] Prisoner plaintiffs are not entitled to a complete waiver of the $250 filing fee, notwithstanding the grant of *in forma pauperis* status. Rather, prisoner plaintiffs must pay the full amount of the filing fee, although such payments may be made in installments, payable through their prison accounts in accordance with the provisions of § 1915(b).

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* is allowed, however the Court defers on defers on the assessment of the initial partial filing fee pending receipt of prison account information; and

2. The Treasurer's Office at MCI Shirley is Ordered to provide the relevant prison account information as set forth in this Memorandum and Order.


Dated: August 4, 2005                    /s/ Reginald C. Lindsay
                                         REGINALD C. LINDSAY
                                         UNITED STATES DISTRICT JUDGE