UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEREK SINCERE BLACK WOLF CRYER

        Plaintiff,

        V.

KATHLEEN DENNEHY, MICHAEL THOMPSON,
CAROL MICI, GREG McCANN, TINA RANNO,
MAE ROBINSON, GREG POLADIAN,
TOM LAVELLE, WILLIAM TAYLOR

        Defendants,

CIVIL ACTION

NO. 1:05-cv-11289 RCL

## SUPPLEMENTAL COMPLAINT

Facts

    1). On June 2, 2002 the Department Grievance Coordinator Kristie Ladoucer finalized and denied grievance appeal #9928 in the original complaint paragraph 67 & 68. (refer Exhibit DDD/lower section).

    2). In a letter dated May 17, 2005, defendant Thompson responded to the plaintiff's May 25, 2005 letter stated in the original complaint paragraph #74. (refer Exhibit EEE).

    3). On June 11, 2005 the Plaintiff responded to Defendant Thompson's letter dated May 17, 2005, in above para.#2, about grievance appeal #10784 in which plaintiff received no response to his request for a scheduled visit with the "Clergy" of His faith. (refer Exhibit FFF).

    4). In a letter dated June 14, 2005, Kristie Ladouceur finalized the "Partial Approval" from Defendant Thompson regarding Grievance #9727. (refer Exhibit GGG). (see also original complaint para.#58 & 60).

    5). On June 20, 2005 Plaintiff filed grievance #12736 against staff for intentionally delaying/not delivering the initial Complaint to the Courthouse. (refer Exhibit HHH). (see also para.#6).

    6). This grievance #12736 was denied over two months later. (refer Exhibit HHH/lower section).

    7). On June 20, 2005 the Plaintiff submitted a request to the Defendant McCann, requesting equal access and opportunity to the Native Indian Area to that given to the European Indians, to practice His "Religion". (refer Exhibit III).

    8). This request was denied. (see Exhibit III/lower section).

    9). On July 4, 2005 Plaintiff filed grievance #12746 against Defendant

McCann for instructing a building Officer to disallow me access to the Native area, where I was forced to sit in the waiting area for the duration while another practitioner was granted access. (refer Exhibit JJJ). (see also para. #23, 32, & 60).

   10). On July 7, 2005 Plaintiff sent a letter to Defendant Dennehy informing Her of the incident above in para.#9. (refer Exhibit KKK).

   11). On July 9, 2005 Plaintiff Appaled to Defendant Thompson the denial of Native Indian internet literature which was denied due to the "excess of five (5) pages". (refer Exhibit LLL).

   12). On July 9, 2005 Plaintiff Appealed to Deputy Superintendent Scott Anderson the denied request by Defendant McCann as stated in para.#8. Plaintiff requested Equal Access and Opportunity. (refer Exhibit MMM).

   13). On July 14, 2005 Deputy Bruce Gelb responded to the Plaintiff's July 9, 2005 appeal to Defendant Thompson, in para.#11, denying Plaintiff's request to have His disapproved "Religious" Mail delivered to Him. Deputy Gelb cited the definition of "Publication" from the CMR's as His basis for the denial. (refer Exhibit NNN).

   14). On July 14, 2005 Deputy Scott Anderson responded to Plaintiff's Appeal. in para#12, stating to Plaintiff that "He will not authorize an additional Native American Group for African American Individuals". (refer Exhibit OOO).

   15). On July 19, 2005 Plaintiff Appealed again to Deputy Gelb showing that the definition of "Publication" He submitted to Plaintiff contradicted the current definition/Policy of "Publication", which was supplied by the Law Library, and requested His mail be delivered to Him. (refer Exhibit PPP).

   16). On July 19, 2005 Plaintiff responded to Deputy Anderson's July 14, 2005 response letter in para.#14, informing Him that He misinterpreted the Plaintiff's July 9, 2005 request. (refer Exhibit QQQ).

   17). On July 21, 2005 Deputy Gelb responded to Plaintiff's July 19, 2005 letter in para.#16, stating that the new change limiting the number of internet material went into effect on June 1, 2004. (refer Exhibit RRR).

   18). On July 22, 2005 Plaintiff received grievance appeal #10784, stated in the original complaint paragraph #86, as "Partially Approved" and dated July 5, 2005. (refer Exhibit SSS).

   19). On July 22, 2005 Plaintiff received His original July 19, 2005 letter to and from Deputy Anderson with a post-it stating that "your request has already been addressed". (refer Exhibit TTT).

   20). On July 26, 2005 Plaintiff filed grievance #12737 regarding the denial of His "Religious" extracted internet mail literature by the mail Officer and Deputy Gelb. (refer Exhibit UUU).

   21). Grievance #12737 was denied on August 25, 2005. (refer Exhibit UUU/ lower section).

   22). On July 27, 2005 Plaintiff submitted a Inmate Religious Request

Form to Defendant McCann for processing to the Religious Services Review Committee requesting Equal Access on Thursdays, Fridays, and Saturdays to practice African American Indian "Religion". (refer Exhibit VVV). (see also para.#72).

23). On August 10, 2005 Plaintiff wrote to Defendant Thompson about submitted grievances being continously unanswered, referring to grievance numbers 12736, 12737, and 12746. Plaintiff appealed all three (3) of the unanswered grievances. (refer Exhibit WWW). (see also para.#45).

24). On August 19, 2005 Plaintiff submitted a letter to Defendant McCann requesting to make a phone call to Paul Pouliot & Denise Mehigan ( Native Spiritual Advisors/Leaders ) for "Religious" and Legal council as well as a brief explanation as to why Plaintiff was not called to participate in the Sweat Lodge construction on August 12, 2005. (refer Exhibit XXX).

25). The Defendant McCann informed Plaintiff that "Mr. Pouliot and Ms. Mehigan do not wish to be contacted in such a manner". (refer Exhibit XXX/ lower section).

26). On August 22, 2005 Plaintiff made a request to Defendant McCann for an approval to post a schedule showing times that Black Indian Spirituality may be practiced. It was denied. (refer Exhibit YYY).

27). On August 25, 2005 Plaintiff wrote to Defendant Dennehy and Mark Reilly, Chief Investigator to update them on the continued issues regarding Native Indian matters and requested of Defendant Dennehy to re-open the Native area during the mornings and afternoons. (refer Exhibit ZZZ). Plaintiff has received no response to date. (see also para.#75).

28). On August 26, 2005 Joel Berner, Chief, Investigative Services responded to Plaintiff's July 7, 2005 letter, in para.#10, informing Plaintiff that after careful review of the letter, that an Investigation is warranted and assigned Plaintiff Intake Tracking #3987. (refer Exhibit AAAA).

28a). On August 26, 2005 Plaintiff was prescribed prozac for depression due to the events regarding this civil suit.

29). On August 27, 2005 Plaintiff wrote to Captain Glen Corbet who overseen Plaintiff's grievances #12736 and #12737 and requested that the policy, (used by Deputy Gelb and the Mail Officer to deny Plaintiff's "Religious" mail extracted from the internet), be produced immediately or deliver the mail to the Plaintiff. (refer Exhibit BBBB).

30). On August 27, 2005 Plaintiff requested of Defendant McCann to inform Him of the next Native group meeting with Paul Pouliot and to inform Plaintiff of the date of the first Sweat Lodge Ceremony. (refer Exhib CCCC).

31). On August 27, 2005 Plaintiff wrote to Edward A. Flynn, the Secretary in the Executive Office of Public Safety informing Him of the ongoing Harassment and Discrimination directed at the Plaintiff by shirley medium staff employees, and requested to curb the issue. (refer Exhibit DDDD). (see also para.#82).

32). On August 31, 2005 Plaintiff received His denied grievance #12746 (in para.#9) from Captain Glen Corbet who states that "the entire incident appears to have started with a lack of communication" and denied because "it only happened on one occasion and was inadvertant". (refer Exhibit EEEE). (see also para.#s 23, 45 & 60).

33). On August 31, 2005 Plaintiff appealed grievance #12736. (refer Exhibit FFFF). (see also para.#'s 5 & 6).

34). On August 31, 2005 Plaintiff appealed grievance #12737. (refer Exhibit GGGG). (see also para.#'s 20, 21, & 65).

35). On September 1, 2005 Captain Glen Corbet responded to Plaintiff's request letter in paragraph 29 and submitted what seems to be a memo regarding the updated mail policy which was in effect on June 1, 2004. (refer to Exhibit HHHH).

36). On September 3, 2005 Plaintiff submitted another request with specific clarification to Deputy Gelb for approval of His contrabanded "Religious" Mail. (refer Exhibit IIII).

37). On September 8, 2005 Plaintiff filed grievance #13580 for being denied Equal Opportunity to practice Black Indian Spirituality and requested an approval for a posting on the Native door for such worship on Thursdays, Fridays, and Saturdays. (refer Exhibit JJJJ). (see also para.#62).

38). Grievance #13580 was denied on October 6, 2005. (See Exhibit JJJJ/ lower section).

39). On September 9, 2005 Plaintiff filed grievance #13573 requesting a scheduled one on one visit with Spiritual Leaders. (refer Exhibit KKKK). (see also para.#63).

40). Grievance #13573 was denied on October 5, 2005. (see Exhibit KKKK/ lower section).

41). On September 12, 2005 Deputy Gelb responded to Plaintiff's September 3, 2005 letter in paragraph 36 denying PLaintiff's "Religious" Mail request and stating that He will no longer entertain any further letters from Plaintif regarding the issue. (refer Exhibit LLLL).

42). On September 13 2005 Plaintiff filed grievance #13575 against Defendant McCann for closing the Native area in the mornings and afternoons on February 28, 2005 to spite plaintiff, only to approve an updated schedule from the European Indian practioners to practice on Saturdays at 1:00pm. The Plaintiff requested the reinstatement of Native practice in the mornings and afternoons. (refer Exhibit MMMM).

43). Grievance #13575 was denied on October 5, 2005. (see Exhibit MMMM/ lower section). (see also para.#'s 64 & 88).

44). On September 14, 2005 Plaintiff informed Defendant McCann that the Plaintiff will be attending the upcoming Equinox and reminded McCann to place Plaintiff's name on the list, as Plaintiff's name was left off the previous list to the Solstice. (refer Exhibit NNNN).

45). On September 16, 2005 due to no response, Plaintiff informed Defendant Thaompson that the three (3) grievance appeals (in para.#23) are to be considered denied . (refer Exhibit OOOO).

46). On September 21, 2005 Plaintiff filed grievance #13383 against the Defendant McCann and Recreational Officer John Nagles for being excluded from the Equinox; Plaintiff requested to call Spiritual Advisors through Chaplains office. (refer Exhibit PPPP).

47). Grievance #13383 was denied on September 27, 2005. (see Exhibit PPPP/lower section). (see also para.#55).

48). On September 22, 2005 Kristie Ladouceur agreed with Defendant Thompson's decision in "Partially Approving" grievance appeal #10784. ( refer to Exhibit QQQQ).

49). On September 26, 2005 Plaintiff informed Defendant Thompson that grievance numbers 13580 (para.#'s 37 & 38), 13573 (para.#'s 39 & 40), and 13575 (para.#'s 42 & 43) were considered denied due to no response, and the Plaintiff attached Appeals to said grievances. (refer Exhibit RRRR) (see also para.#'s 54 & 58).

50). On September 26, 2005 Plaintiff informed Defendant Thompson that the Plaintiff has been excluded from certain Native Spiritual Gatherings by not placing Plaintiff's name on the proper entry list, and requested to go through Deputy Scott Anderson in order to send and receive request and answers regarding Native Ceremonies/Gatherings. (refer Exhibit SSSS).

51). On September 27, 2005 Plaintiff inquired to Defendant McCann as to whether or not Plaintiff's request to the Religious Services Review Committee has been approved or denied. (refer Exhibit TTTT).

52). Defendant McCann responded that PLaintiff's request is still with R.S.R.C.. (see Exhibit TTTT/lower section).

53). On September 28, 2005 Joel Berner, Chief of/in the Office of Investigative Services informed PLaintiff that the investigation is still ongoing. (refer Exhibit UUUU).

54). On October 6, 2005 Defendant Thompson informed PLaintiff that the grievance officer has no record of receiving the three(3) grievances stated in paragraph 49. (refer Exhibit VVVV).

55). On October 6, 2005 Plaintiff appealed grievance #13383, stated in paragraphs 46 & 47. (refer Exhibit WWWW).

56). On October 9, 2005 Plaintiff informed Defendant Thompson that the three (3) grievances said to not have been received (in para.54), were denied and received by Plaintiff on October 6, 2005. (refer Exhibit XXXX).

57). On October 11, 2005 Plaintiff submitted a carbon copy second request to Defendant Thompson to go through Deputy Anderson for acquiring times and dates of Native Ceremonies/Gatherings. (refer Exhibit YYYY). (see also para. #50).

58). On October 12, 2005 Lorna Schwartz, Secretary to Defendant Thompson, responded to Plaintiff's letter in paragraph 49. (refer Exhibit ZZZZ).

59). On October 13, 2005 Plaintiff received response letter from Deputy Anderson regarding paragraph 57, stating that Native events are posted in the program room and each of the housing units. (refer Exhibit A-5x).

60). On October 13, 2005 Plaintiff received grievance appeal #12746 (in para.23) as being denied. (refer Exhibit B-5x).

61). On October 14, 2005 Plaintiff responded to Deputy Anderson's letter in paragraph #59 informing Him that Native events or outside Spiritual visits have never been posted, and requested a letter informing Plaintiff of said Ceremonies and Gatherings. (refer Exhibit C-5x). (see also para.#74).

62). On October 14, 2005 Plaintiff filed grievance appeal #13580. (refer Exhibit D-5x). (see also para.#'s 37 & 86).

63). On October 14, 2005 Plaintiff filed grievance appeal #13573. (refer Exhibit E-5x). (see also para.#'s 39 & 87).

64). On October 14, 2005 Plaintiff filed grievance appeal #13575. (refer Exhibit F-5x). (see also para.#'s 42, 43, & 88).

65). On October 17, 2005 Defendant Thompson denied grievance appeal #12737. (refer Exhibit G-5x). (see also para.#34).

66). On October 19, 2005 Plaintiff submitted request to Defendant McCann requesting to communicate with Native Spiritual Advisors by way of the U.S. Postal Service. (refer Exhibit H-5x).

67). Defendant McCann responded "to whom are you referring?". (refer to Exhibit H-5x/lower section). (see also para.#70).

68). On October 20, 2005 Defendant Thompson informed Plaintiff that the Defendant Robinson has been exonerated of misconduct against Plaintiff after an investigation regarding grievance #8548. (refer Exhibit I-5x).

69). On October 20, 2005 Plaintiff wrote to U.S. Marshal Anthony Dichio for confirmation of the delivery of all documents for service on all nine (9) Defendants. (refer Exhibit J-5x).

70). On October 21, 2005 Plaintiff responded to Defendant McCann's letter in paragraph 66 & 67 and requested to correspond with Paul Pouliot, Denise Mehigan, Medicine Story, and Ellika by way of the U.S. Postal Service. (refer Exhibit K-5x).

71). Defendant McCann told Plaintiff that "the above volunteers Do Not wish to correspond with you either by phone or mail", and informed Plaintiff that "He will not respond again to this request". (see Exhibit K-5x/lower section).

72). On October 24, 2005 Plaintiff wrote Allison Hallet, Director of the Religious Services Review Committee requesting a response with a hopeful approval to Plaintiff's request to practice Black Indian Spirituality. (refer Exhibit L-5x). (see also para.#22).

73). On October 27, 2005 Plaintiff was informed by Defendant Thompson that Plaintiff's allegations of staff Harassment/misconduct against Jean Grincewicz was found not to be sustained. (refer Exhibit M-5x).

74). On November 1, 2005 Plaintiff submitted a carbon copy 2nd request letter to Deputy Anderson. (refer Exhibit N-5x). (see also para.#61).

75). On November 8, 2005 Plaintiff wrote Defendant Dennehy regarding Plaintiff's unanswered August 25, 2005 request letter, informing Defendant Dennehy that the Native Area is still closed in the mornings and afternoons even though the building is open and used by other Religions; and Plaintiff requested for reinstatement. (refer Exhibit O-5x). (see also para.#27).

76). On November9, 2005 Plaintiff filed grievance #14451 against un-named staff for using the yard loud speaker to promote Prejudice, Racial & Religious Discrimination against Plaintiff and other Native Practitioners

and Native Leaders (Volunteers) during a Native practice run Sweat Lodge Ceremony. (refer Exhibit P-5x).

77). On November 15, 2005 Plaintiff filed grievance #14687 alleging intentional delays of Plaintiff's outgoing Legal and Personal mail by staff. (refer Exhibit Q-5x).

78). Grievance #14687 was was referred to Internal Affairs on November 22, 2005. (see Exhibit Q-5x/lower section).

79). On November 16, 2005 Plaintiff wrote to Desiree Monaco, Administrative Assistant to very service on Defendants Thompson, McCann, Robinson, and Lavelle. (refer Exhibit R-5x).

80). On November 16, 2005 Plaintiff filed grievance #14624 requesting the proper addresses of Defendants Dennehy, Taylor, Ranno, Mici, and Poladian who were not served due to changes of address. (refer Exhibit S-5x).

81). Grievance #14624 was denied on November 18, 2005. (refer Exhibit S-5x/lower section).(see also para.#85).

82). On November 17, 2005 Kristie Ladouceur responded to Plaintiffs August 27, 2005 letter to Secretary Edward Flynn as stated in paragraph 31. (refer Exhibit T-5x).

83). On November 19, 2005 Plaintiff wrote to Defendant Thompson informing Him of Verbal and Physical Abuse and Intimidation by Sargeant Keith Nano of the I.P.S. Department, and requested that Keith Nano no longer calls the Plaintiff for Grievance interviews. (refer Exhibit U-5x).

84). On November 21, 2005 Plaintiff wrote to the Shirley Postmaster informing Him/Her of the substantial dalays of His Legal and Personal Mail and requested to know the procedure regarding time limits in forwarding received mail. (refer Exhibit V-5x).

85). On Novenber 21, 2005 Plaintiff appealed grievance #14624. (refer Exhibit W-5x). (see also para.'s#80 & 81).

86). On November 23, 2005 grievance appeal #13580 as stated in paragraph #62 was denied. (refer Exhibit X-5x).

87). On November 23, 2005 grievance appeal #13575 as stated in paragraph #63 was denied. (refer Exhibit Y-5x).

88). On November 23, 2005 grievance appeal #13575 as stated in paragraph #64 was denied. (refer Exhibit Z-5x).

Claims for Relief

89). The Defendants have denied the Plaintiff access to Native Clergy visits for Spiritual and Legal Council.

90). The Defendants have denied the Plaintiff access to Native Clergy phone calls for Spiritual and Legal Council.

91). The Defendants have denied the Plaintiff access to Correspond with Native Clergy by U.S. Mail for Spiritual and Legal Council.

92). The Defendants have denied the Plaintiff proper service/access to the Courts.

93). The Defendants have denied the Plaintiff Equal Opportunity and Access to practice Black Indian Spirituality.

94). The Defendants have denied the Plaintiff access to the Native Worship area.

95). The Defendants have limited the Plaintiff access to the amount of "Religious" documents (pages) within a single incoming letter.

96). The Defendants have denied the Plaintiff access to Native Sacred Ceremonies.

97). The Defendants have not curbed the issue of Staff Harassment, as well as Staff Racial and Religious Discrimination.

98). Aside from paragraphs 55, 69, 79, 83, and 84, Plaintiff has exhausted all of His Administrative Remedies.

Relief Requested

WHEREFORE, the Plaintiff demands judgement against the Defendants for damages and such other relief as this Court deems just:

A). Issue a declaratory judgement stating that:

1. The actions of the Defendants have violated the Plaintiff's Constitutional Rights, Federal and State Laws, as well as Institutional Policy and has substantially burdened the Plaintiff of His Right to Freedom of Religion and to worship according to the dictates of His conscience.

B). Issue a preliminary injunction pending trial ordering Defendants Dennehy, Thompson, or their agents to:

1. be prohibited from interferring with the amount of "Religious" mail (pages) Plaintiff may receive in a single letter.

2. Allow Plaintiff access to Native Clergy by way of Visit, Phone, and Mail.

3. be prohibited from interfering with Plaintiff's incoming and outgoing legal and personal mail.

4. allow Plaintiff Equal Access and Opportunity to practice Black Indian Spirituality.

5. Curb the issue of Staff Harassment and Racial & Religious Discrimination.

C). Award Compensatory damages as stated in Plaintiff's original Complaint.

    D).   Award Punitive damages as stated in Plaintiff's original Complaint.

    E).   Grant such other relief as it may appear that Plaintiff is entitled.

PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted,

*/s/ Derek Sincere Black Wolf Cryer, Pro se*
Derek Sincere Black Wolf Cryer, Pro se

DATED: December 5, 2005

M.C.I. Shirley Medium
P.O. Box 1218 - Harvard Road
Shirley, MA. 01464

CC: file/12-5-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.