UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEREK SINCERE BLACK WOLF CRYER,

       Plaintiff,

v.                                          C.A. No. 05-11289-RCL

KATHLEEN M. DENNEHY, et al.,

       Defendants.

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants, through counsel, hereby answers the allegations of plaintiff's Complaint and Supplemental Complaint as follows:

1.      This paragraph contains conclusions of law and does not require a response. To the extent this paragraph contains allegations which require a response, the allegations are denied.

## PARTIES

2.      Defendants admit that plaintiff Derek Sincere Black Wolf Cryer ("Cryer") is a prisoner committed to the lawful custody of the Massachusetts Department of Correction and is presently confined to MCI-Shirley. Defendants are without sufficient information to form a belief as to the veracity of the other allegations contained in this paragraph and they are therefore denied.

3.      Defendants admit that Kathleen M. Dennehy is the Commissioner of the Department of Correction.

4.      Defendants admit that Michael Thompson is the Superintendent of MCI-Shirley.

5.      Defendants admit that Carol Mici was formerly the Deputy Superintendent of MCI-Shirley.

6.     Defendants admit that Gregory McCann is the Director of Treatment for MCI-Shirley.

7.     Defendants admit that Gregory Poladian was formerly the Disciplinary Officer for MCI-Shirley.

8.     Defendants admit that Tina Ranno was formerly a correction officer at MCI-Shirley .

9.     Defendants admit that Thomas Lavelle is a recreation officer at MCI-Shirley.

10     Defendants admit that William Taylor was formerly a correction officer at MCI-Shirley.

11.     This paragraph contains conclusions of law and does not require a response.  To the extent this paragraph contains allegations which require a response, the allegations are denied.

## JURISDICTION

12.     This paragraph contains conclusions of law and does not require a response.  To the extent this paragraph contains allegations which require a response, the allegations are denied.

13.     This paragraph contains conclusions of law and does not require a response.  To the extent this paragraph contains allegations which require a response, the allegations are denied.

## STATEMENT OF FACTS

14.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

15.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

16.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

2

17.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

18.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

19.     Admit that plaintiff filed grievance #3147 which was received on or about March 16, 2004, but deny the remaining allegations contained in the first sentence since the grievance (Exhibit F) speaks for itself.  Defendants admit the allegations contained in the second sentence.

20.     Admit that plaintiff filed a grievance on March 15, 2004, but deny the remaining allegations contained in the paragraph since the grievance (Exhibit G) speaks for itself.

21.     Admit that plaintiff filed a grievance on March 16, 2004, but deny the remaining allegations contained in the paragraph since the grievance (Exhibit H) speaks for itself.

22.     Admit that plaintiff received a reply to the grievances from Steven Lipka, but deny the remaining allegations contained in the paragraph since the grievance (Exhibit I) speaks for itself.

23.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

24.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

25.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

26.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

3

27.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

28.     Admit.

29.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

30.     Admit .

31.     Admit.

32.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

33.      Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

34.     Admit.

35.      Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

36.      Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

37.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

38.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

39.     Admit.

40.     Admit.

41.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

42.     Admit.

43.     Admit that plaintiff filed grievance # 8548 on or about February 16, 2004, but deny the remaining allegations contained in the paragraph since the grievance (Exhibit Y) speaks for itself.

44.     Admit.

45.      Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

46.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

47.     Admit.

48.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

49.     Admit that plaintiff filed grievance # 9345 on or about March 25, 2005, but deny the remaining allegations contained in the paragraph since the grievance (Exhibit DD) speaks for itself.

50.     Admit, but deny the remaining allegations contained in the paragraph since the grievance denial (Exhibit DD) speaks for itself.

51.     Admit.

52.     Admit.

53.     Defendants are without sufficient information to form a belief as to the veracity of the

allegations contained in this paragraph and they are therefore denied.

54.     Admit, except to state that plaintiff received a response to his request to staff by Carol
Mici which explained to plaintiff that the issue raised in his request to staff was the subject of a
grievance he had already filed.

55.     Admit.

56.     Admit.

57.     Admit.

58.     Admit.

59.     Admit.

60.     Admit.

61.     Defendants are without sufficient information to form a belief as to the veracity of the
allegations contained in this paragraph and they are therefore denied.

62.     Admit.

63.     Admit.

64.     Admit.

65.     Admit.

66.     Admit.

67.     Admit, but deny the remaining allegations contained in the paragraph since the
grievance (Exhibit NN) speaks for itself.

68.     Admit.

69.     Admit that plaintiff complained about access to religious volunteers in a request to

staff, but deny that plaintiff filed a formal grievance in Exhibit OO.

70.     Admit that plaintiff received a response form Superintendent Thompson dated February 16, 2005, but deny the allegation that the letter was backdated.

71.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

72.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

73.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

74.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

75.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

76.     Admit that Superintendent Thompson's May 26, 2005 letter to plaintiff indicated that he was in receipt of plaintiff's May 16, 2005 letter and that his response to the appeal of grievance # 9727 was forthcoming.

77.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

78.     Admit, that Gregory McCann sent an e-mail to the prison captains as set out in Exhibit UU, but deny the remaining allegations contained in the paragraph since the document (Exhibit UU) speaks for itself.

7

79.     Admit that plaintiff sent a letter to commissioner Dennehy, but state that the document (Exhibit VV) speaks for itself.

80.     Admit, except that the document (Exhibit VV) speaks for itself.

81.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

82.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

83.     Deny the allegations except to state that the document (Exhibit ZZ) speaks for itself.

84.     Admit that Kristie Ladouceur responded to plaintiff's grievance # 9345 and the document (Exhibit BBB) speaks for itself.

85.     Exhibit CCC speaks for itself and no response is required.

86.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

87.     Defendants deny the allegations contained in this paragraph.

88.     Defendants deny the allegations contained in this paragraph.

89.     Defendants deny the allegations contained in this paragraph.

90.     Admit that, pursuant to state statute, tobacco is not permitted prisons.

91.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

92.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

8

93.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

94.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

95.     Defendants deny the allegations contained in this paragraph.

96.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

97.     Defendants are without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and they are therefore denied.

98.     Defendants deny the allegations contained in this paragraph.

99.     Defendants deny the allegations contained in this paragraph.

100.    Defendants deny the allegations contained in this paragraph.

101.    Defendants deny the allegations contained in this paragraph.

102.    Defendants deny the allegations contained in this paragraph.

103.    Defendants deny the allegations contained in this paragraph.

104.    Defendants deny the allegations contained in this paragraph.

105.    Defendants deny the allegations contained in this paragraph.

106.    Defendants deny the allegations contained in this paragraph.

107.    Defendants deny the allegations contained in this paragraph.

108.    Admit.

109.    Defendants deny the allegations contained in this paragraph.

110.    Defendants deny the allegations contained in this paragraph.

111.    Defendants deny the allegations contained in this paragraph.

## RELIEF REQUESTED

Defendants oppose the relief requested by plaintiff.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8, defendants assert the following affirmative defenses:

## FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

If plaintiff suffered any injury or other damage, these were caused by plaintiff's conduct and acts or the conduct or acts of third parties for which the defendants are not legally responsible.

## THIRD DEFENSE

Defendants deny that plaintiff is entitled to judgment or relief requested.

## FOURTH DEFENSE

Plaintiff's allegations fail to rise to the level of constitutional violations.

## FIFTH DEFENSE

Defendants acted at all times relevant to the allegations contained in the complaint within the scope of their employment and in their official capacities and performed in good faith. Defendants at all times acted reasonably, in good faith, within their official discretion and not in disregard of settled principles of constitutional law with respect to all matters alleged in the Complaint.

10

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), amending 42 U.S.C. § 1997e, including the failure to exhaust all administrative remedies.

**SEVENTH DEFENSE**

Plaintiff, by his conduct and actions and/or the conduct and actions of his servants and agents, is estopped to recover any judgment against the defendants.

**EIGHTH DEFENSE**

Plaintiff, by his conduct and actions and/or the conduct and actions of his servants and agents, has waived any and all rights he may have had against the defendants, and therefore, is barred from recovery against the defendants.

**NINTH DEFENSE**

The defendants are absolutely and qualifiedly immune from liability for any and all matters raised in plaintiff's complaint under Federal and State law.

**TENTH DEFENSE**

Plaintiff's claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. 2000cc, is barred where the Act violates the United States Constitution.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred for failure to exhaust available administrative remedies as required under State and Federal law.

**TWELFTH DEFENSE**

11

Defendants hereby asserts all other affirmative defenses as may become available to them during the course of this litigation and reserves the right to further amend this Answer to assert any affirmative defenses that may become known to them.

**DEFENDANTS REQUEST A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**.

Dated: January 30, 2006                    Respectfully submitted,

                                           DEFENDANTS,

                                           By their attorneys,

                                           NANCY ANKERS WHITE
                                           Special Assistant Attorney General


                                           /s/  Richard C. McFarland_____
                                           Richard C. McFarland,  BBO # 542278
                                           Legal Division
                                           Department of Correction
                                           70 Franklin Street, Suite 600
                                           Boston, MA  02110
                                           (617) 727-3300,  Ext. 132


## CERTIFICATE OF SERVICE

        I, Richard C. McFarland, counsel for Defendants, hereby certify that I served a copy of the foregoing pleading upon *pro se* plaintiff, Derek Cryer, by first class mail, postage prepaid, to his address: MCI-Shirley, Harvard Rd., P.O. Box 1218, Shirley, MA  01464.


 Dated:  January 30, 2006                       /s/ Richard C. McFarland___
                                                Richard C. McFarland

12