UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEREK SINCERE BLACK WOLF CRYER,<br>    Plaintiff,<br><br>               v.<br><br><br>KATHLEEN DENNEHY, et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 05-11289-RCL<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER
RE: MOTION FOR APPOINTMENT OF *PRO BONO* COUNSEL (#46)

Lindsay, D.J.

On June 14, 2005, the plaintiff' filed his first motion for appointment of counsel (#2). On August 4, 2005, this court denied that motion, without prejudice. See Memorandum and Order (#5). On April 6, 2006, the plaintiff filed a second motion for appointment of counsel (#29), which the court denied by electronic order on May 30, 2006.

Thereafter, on November 16, 2006, the defendants filed a motion to dismiss (#40), on the grounds, *inter alia*, that the plaintiff failed to exhaust his administrative remedies with respect to his religious expression claims, and that the plaintiff cannot meet his burden to show retaliation, harassment, or a conspiracy among prison personnel. On the heels of the defendants' motion to dismiss, the plaintiff has filed the present a third motion for appointment of counsel (#46), claiming he is in segregation and unable to obtain evidence to support his claims, and that he recently suffered an anxiety attack.

Upon review of the record in this case, the present motion (#46) is denied with prejudice. As the court previously noted in the Memorandum and Order (#5), the decision to appoint

counsel is discretionary, and a prisoner plaintiff does not have a constitutional or statutory right to appointed counsel.  <u>Dellenbach v. Hanks</u>, 76 F.3d 820, 823 (7th Cir. 1996) <u>cert</u>. <u>denied</u>, 519 U.S. 894 (1996).  In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in a fundamental unfairness impinging on the party's due process rights.  <u>See</u> <u>DesRosiers v. Moran</u>, 949 F. 2d 15, 23 (1st Cir. 1991).  <u>See</u> <u>also</u> <u>Manisy v. Maloney</u>, 283 F. Supp. 2d. 307, 317 (D. Mass. 2003).

     Here, although the plaintiff's prisoner status may present obstacles for smooth prosecution of his claims, his situation is not unique from other prisoner litigants and does not present the type of exceptional circumstances which would warrant the expenditure of the scarce *pro bono* resources of the court.  The case does not appear to present complex or novel issues of fact or law.  Moreover, it does not appear that plaintiff has any difficulty with the English language or that he is unfamiliar with legal terms and procedures.   In fact, the plaintiff's substantial motion practice undermines a claim of difficulties accessing the court, or difficulties presenting his requests for relief from this Court due to his emotional state.[1]

     In short, plaintiff presents no circumstances which would cause this Court to reconsider

---

[1]In addition to numerous letters filed with the court, the plaintiff has filed the following motions in this action: Motion for Leave to Proceed *in forma pauperis* (#1); Motion to Appoint Counsel (#2); Motion to Quash (#20); Motion to Serve Defendants Attorney with Subsequent Pleadings (#23); Motion to Delay Order Regarding the Motion to Quash Service, Retain the Case and Request Approval for Re-service on five named Defendants (#24);Motion for Leave to Serve Supplemental Complaint (#27); Motion to Appoint Counsel (#29); Motion for Preliminary Injunction (#31); Motion for Leave to File (#35); Motion for the court to proceed for findings on preliminary injunction request (#36); Motion for Court to proceed on plaintiffs' preliminary Injunction (#38); Motion for Court to Proceed on Plaintiff's Motion for leave to serve 2nd Complaint (#42); Motion for Extension of Time to 1/01/2006 to respond to defendant motion to dismiss (#43); Motion for Extension of Time to 01/02/2007 to File Response/Reply as to [40] Motion to Dismiss (#45); and Motion to Appoint Counsel (#46).

the prior denials of his requests for appointed counsel.  Accordingly, this third motion of the

plaintiff for appointment of counsel (#46) is DENIED <u>with</u> prejudice.


SO ORDERED.

                                        /s/ Reginald C. Lindsay
                                        UNITED STATES DISTRICT JUDGE

Dated: December 14, 2006